**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

Chapter 13
Case No. 8:26-bk-09429-RCT

JENNIFER ANN TROIANO
aka JENNIFER ANN BATTAGLIA

Debtor.
_____________________________/

**OBJECTION TO CONFIRMATION OF**
**DEBTOR'S PROPOSED CHAPTER 13 PLAN [D.E. 2]**

Secured Creditor, U.S. Bank Trust National Association, as Trustee of BKPL-EG Holding Trust, ("Secured Creditor") objects to confirmation of Jennifer Ann Troiano aka Jennifer Ann Battaglia's (the "**Debtor**") proposed Chapter 13 Plan [D.E. 2] filed on October 15, 2026, and states:

1. Secured Creditor holds a secured claim by virtue of that certain Adjustable Rate Mortgage Note dated January 12, 2018, which is secured by a Mortgage recorded on January 12, 2018, as Document Number 2018109634, in the Public Records of Hillsborough County, Florida, encumbering real property located at *10119 PARLEY DR, TAMPA, FL 33626-5406* ("**Property**").

2. On October 15, 2026 ("**Petition Date**"), the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code.

3. On October 15, 2026, the Debtor filed the proposed Chapter 13 Plan [D.E. 2] which proposes to cure pre-petition arrears listed as $220,000.00 and pay a post-petition payment listed as $3,990.00.

4. Secured Creditor will timely file its proof of claim by the Bar Date of December 24, 2026. The estimated total secured claim amount is $672,093.96, the estimated pre-petition

arrearages due and owing to Secured Creditor is $231,136.95, and the monthly post-petition payment is $3,743.20.

5. The Debtor is not eligible to be a Debtor under Chapter 13 of the Bankruptcy Code. Pursuant to 11 U.S.C. § Section 109(e), only an individual with regular income that meets the applicable debt limitations can be a Debtor in a Chapter 13 case. Pursuant to the Debtor's Schedules, the Debtor is currently unemployed and does not generate any income. Thus, the Debtor is ineligible and this case cannot move forward.

5. Additionally, pursuant to 11 U.S.C §1325(a)(3), this Court is required to find that the plan has been proposed in good faith in order to confirm a Plan. The proposed plan has not been filed in good faith in light of the history of the previous cases that ended in dismissals (this being the third bankruptcy filing including this property within the last two years as discussed in detail in Secured Creditor's Motion for Prospective Relief from Stay [D.E. 9]).

6. Moreover, the Debtor's Plan does not provide for cure of the full pre-petition arrears owed to Secured Creditor. The plan pays arrears in the amount of $220,000.00; however, the estimated figure is $231,136.95. As a result, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii). Accordingly, the Debtor will be required to amend their plan.

7. Furthermore, the plan does not comply with 11 U.S.C. §1325 as it is not feasible because the Debtor is not employed. The Debtor's Schedules rely on income she is not currently receiving. Here, the Debtor has listed on Schedule J, net monthly income in the amount of $8,500.00, of which $3,500.00 is speculative. Therefore, the Debtor's actual current monthly net income is only $5,000.00. Such amount is insufficient to fund the plan and fully provide for

Secured Creditor's claim. Paying the actual arrearage amount will create a feasibility issue as the payment to Secured Creditor alone through Debtor's Chapter 13 Plan will need to be at least $7,595.48. As a result, the proposed Chapter 13 Plan is not feasible. Therefore, the Plan cannot be confirmed. *11 U.S.C. §1325(a)(6).*

**WHEREFORE**, Secured Creditor respectfully objects to confirmation of the proposed Plan and requests the following:

1. That confirmation of the proposed Chapter 13 Plan be denied;
2. For attorney's fees and costs incurred herein;
3. For such other and further relief that this Court deems just and proper.

**Dated: 11/2/2026**

Respectfully submitted:

**GHIDOTTI BERGER, LLP**
*Attorneys for Secured Creditor*
10800 Biscayne Blvd., Suite 201
Miami, FL 33161
Telephone: 305.501.2808
Facsimile: 954.780.5578
bknotifications@ghidottiberger.com

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq. (FL Bar #107698)

**CERTIFICATE OF SERVICE**

On November 2, 2026, I served the foregoing document described as Objection to Confirmation of Debtor's' Proposed Chapter 13 Plan on the following individuals by electronic means through the Court's ECF program:

**COUNSEL FOR DEBTOR**
Thomas A Nanna
thomas@nannalaw.com

**CHAPTER 13 TRUSTEE**
Kelly Remick
ecf@ch13tampa.com

**U.S. TRUSTEE**
United States Trustee - TPA7/13, 7
USTPRegion21.TP.ECF@USDOJ.GOV

By depositing true copies thereof in the United States mail at Miami, Florida, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
JENNIFER ANN TROIANO
aka JENNIFER ANN BATTAGLIA
12191 W. LINEBAUGH AVE.
PMB #512
Tampa, FL 33626

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq.